## GYPSY OIL CO. v. CLINTON et al.

No. 12353—Opinion Filed Nov. 6, 1923.

1. **Indians—Oil Lease by Full-Blood Heir—Approval.**

An oil and gas mining lease executed by a full-blood heir of a deceased Creek Indian allottee upon his inherited lands is such a conveyance of an interest in said lands that to be valid the same must be approved as required by section 9 of the act of Congress May 27, 1908, c. 199, 35 Stat. 315.

2. **Same.**

The proviso of section 2 of the act of Congress May 27, 1908, c. 199, 35 Stat. 315, which provides: "Provided, That leases of restricted land for oil, gas, or other mining purposes * * * may be made, with the approval of the Secretary of the Interior, under rules and regulations provided by the Secretary of the Interior, and not otherwise," relates to restricted lands referred to in section 1 of said act, and has no application to inherited lands of full-blood heirs referred to in section 9.

3. **Same — Inherited Lands as "Restricted Lands"—Statute.**

The lands inherited by a full-blood Creek Indian minor from a full-blood Creek allottee are not "restricted lands" within the purview of the proviso in section 6 of the act of Congress May 27, 1908, prohibiting the sale or incumbrance of restricted lands of living minors, except by leases authorized by law, by order of the court, or otherwise.

4. **Same — Approval of Lease by County Court—Sufficiency.**

By virtue of the probate jurisdiction conferred by section 6 of the act of Congress May 27, 1908, the probate court of Creek county, Oklahoma, was on the 26th day of November, 1912, authorized to approve an oil and gas lease, executed by the guardian of a minor full-blood Creek Indian upon the inherited lands of said minor, in conformity with the procedure for the sale and approval of oil and gas leases by minors under the probate laws of the state of Oklahoma, and the approval by the court of such lease, under its probate jurisdiction, was a substantial compliance with that part of section 9 of said act of Congress May 27, 1908, providing that no conveyance of any interest of any full-blood Indian heir in such land shall be valid, unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Wilson Clinton, an incompetent, by Edmond Hill, his next friend and guardian, J. H. Alexander, and J. Truman Nixon against the Gypsy Oil Company. Judgment for plaintiffs. Defendant brings error. Reversed.

James B. Diggs, William C. Liedtke, and Redmond S. Cole, for plaintiff in error.

Ted Nixon, for defendants in error.

Opinion by FOSTER, C. The Gypsy Oil Company, a corporation, defendant below, has appealed to this court to reverse a judgment of the district court of Creek county, Okla., holding invalid an oil and gas lease, executed in 1912 by the guardian of Wilson Clinton, a minor full-blood Creek Indian, to J. I. Gillespie, and by him assigned to the Gypsy Oil Company, upon land which said minor had inherited from his deceased ancestor, and approved by the proper county court having jurisdiction over the estate of said minor, because said lease was not presented to nor approved by the Secretary of the Interior.

Wilson Clinton, an incompetent, by Edmond Hill, his next friend and guardian, J. H. Alexander, and J. Truman Nixon, defendants in error, plaintiffs below, claim under an oil and gas lease executed on the 16th day of October, 1920, by Edmond Hill, guardian of the estate of Wilson Clinton, an incompetent, approved by the county court of Creek county, and thereafter, on the 5th day of February, 1921, duly approved by the Secretary of the Interior of the United States.

The parties will be hereinafter referred to as they appeared in the court below.

The plaintiffs contended in the trial court that there had been an abandonment by the defendant of the lease under which it claimed, but the trial court found against them on this proposition, and while they excepted to the finding and decision of the court on the question of abandonment, no cross-assignments of error have been filed in this court nor an abstract or abridgement of the evidence preserved in the brief upon which this court can review the action of the trial court in finding that there had been no abandonment of the lease, and if any errors were committed by the trial court in so finding, plaintiffs will be deemed to have waived and abandoned them. There is no dispute as to the due execution and approval of defendant's lease and the defendant is here urging a reversal solely upon the ground that the trial court erred in holding its lease invalid because it had not been approved by the Secretary of the Interior.

With the question of abandonment out of the case, there remains for consideration the one proposition insisted and argued by plaintiffs in their brief, as follows:

"The inherited lands of full-blood members of the Creek Tribe or Nation of Indians are restricted under the act of May 27, 1908, and are subject to the supervision of the Department of the Interior of the United States in the matter of the leasing of such lands for oil and gas mining purposes, and a lease executed by a full-blood heir, covering his inherited lands, without the approval of the Department of the Interior, is invalid."

Various cases are cited by counsel for plaintiffs in their brief which it is claimed support their proposition, notably the case of Parker et al. v. Richard et al., 250 U. S. 235, but it is sufficient to say that the proposition insisted on has been overturned by our Supreme Court in the recent case of Pluto Oil & Gas Co. et al. v. Miller, No. 10870, 95 Okla. 222, 219 Pac. 303, corrected opinion handed down October 9, 1923, in which the authorities are collected and in which the case of Parker v. Richard, supra, is distinguished and held to be inapplicable. In the Pluto Oil & Gas Company Case, supra, our court said in the fourth paragraph of the syllabus:

"Indians—Oil Leases—Necessity for Approval by Court—Statute.

"The proviso of section 2 of Act Cong. May 27, 1908, c. 199, 35 Stat. 315, which provides: 'Provided, That leases of restricted land for oil, gas or other mining purposes * * * may be made, with the approval of the Secretary of the Interior, under rules and regulations provided by the Secretary of the Interior, and not otherwise,' relates to restricted lands referred to in section 1 of said act, and has no application to inherited lands of full-blood heirs referred to in section 9."

And again in the first paragraph of the syllabus:

"Indians — Oil Leases—Necessity for Approval by Court—Statute.

"An oil and gas mining lease executed by a full-blood heir of a deceased Creek Indian allottee upon his inherited lands is such a conveyance of an interest in said lands that to be valid the same must be approved as required by section 9 of Act Cong. May 27, 1908, c. 199, 35 Stat. 315."

While it is true that the Pluto Oil & Gas Company Case, supra, involved the validity of an oil and gas lease, executed by an adult full-blood heir of a deceased full-blood Indian, from whom the leased land was inherited, under the provisions of section 9 of the act of Congress approved May 27, 1908, the court holding that it was not restricted land within the meaning of the proviso in section 2 of said act, which provided that "leases of restricted land for oil, gas or other mining purposes may be made with the approval of the Secretary of the Interior, under rules and regulations provided by the Secretary of the Interior and not otherwise," and while the lease in the instant case was executed by the guar-

dian of a minor full-blood Indian upon land inherited by him from a deceased full-blood Indian, and approved by the county court of the proper county having jurisdiction of the estate of said minor, under the provisions of section 6 of said act of May 27, 1908, our court has decided in other cases in terms as clear as those employed in the Pluto Oil & Gas Company Case that inherited lands of full-blood minors are not restricted lands within the meaning of the proviso contained in section 6, which provides:

"Provided, That no restricted lands of living minors shall be sold or incumbered, except by leases authorized by law, by order of the court, or otherwise."

In the case of Chupco et al. v. Chapman et al., 76 Okla. 201, 170 Pac. 259, our court said:

"This reasoning, we think, exactly fits the case at bar. By the very terms of section 9 of the act, death operated to remove all restrictions on the alienation of said allottee's land. If the heirs, or any of them, are Indians of less than full-blood, they are authorized to sell or convey the land so inherited by them without any supervision. The heirs enrolled as full-blood Indians are also authorized to sell or convey their interest in such inherited lands, but the validity of any such conveyance depends upon the approval of the conveyances by the court having jurisdiction of the settlement of the estate of the deceased allottee. Since said restrictions are personal to the full-blood Indians, and do not run with the land, such inherited land in the hands of full-blood Indians is not restricted land within the meaning of the term as found in the proviso of section 6. It necessarily follows that the jurisdiction of the probate court of Hughes county to order and confirm the guardian sales of the interests of the full-blood minor plaintiffs in the inherited allotments in controversy was not defeated by virtue of said proviso in section 6."

"The proviso restricts and qualifies the jurisdiction conferred by the first clause of section 6 on the probate courts of the state over the persons and property of minor allottees of the Five Civilized Tribes, and the subject of the proviso is the restricted lands of living minors. **The only restricted lands of minors thus far mentioned in the act are those individual allotments of living minors that were restricted by section 1 of the act.** What, then, was the purpose of the proviso? We think to exclude some possible ground of misinterpretation that might exist, if such lands of minors as were restricted by section 1, and that Congress did not mean to include, were made subject to sale by the probate courts under the jurisdiction conferred by section 6. This language of section 6, conferring jurisdiction on the probate courts of the state over the persons and property of minor allottees, is broad and comprehensive, and notwithstanding the fact that some of the lands of living minors were restricted by section 1, except for the proviso, it might be contended that section 6, coming later in the act, operated as a repeal of the restrictions placed by the terms of section 1 on certain allotments of living minors, and conferred jurisdiction on the probate courts to sell all the allotted lands of living minors."

To the same effect, see Harris v. Bell, 254 U. S. 103.

From an examination of all the cases, it is apparent that inherited land in the hands of a full-blood Indian heir is not restricted land within the meaning of the proviso in section 2 of the act of May 27, 1908, nor within the meaning of the proviso in section 6 of said act. If the Indian heir is an adult, an approval by the county court of the county having jurisdiction of the estate of the deceased Indian allottee, pursuant to the provisions of section 8, and if a minor, by the county court of the county having jurisdiction of the estate of said minor, pursuant to the provisions of section 6 of said act, validates the lease without more. Nor is it necessary in a lease executed by a minor full-blood Indian heir of land inherited by such minor, under the provisions of section 6 of the act of May 27, 1908, that said lease be approved also by the county court of the county having jurisdiction of the estate of the deceased Indian, under the provisions of section 9 of said act, and this is true regardless of whether or not the sale under section 6 is conducted in a different county court from that having jurisdiction of the settlement of the estate of the deceased allottee.

See Chupco v. Chapman and Harris v. Bell, supra.

We therefore conclude that the oil and gas lease executed on the 26th day of November, 1912, by Jesse Allen, guardian of Wilson Clinton, a minor, to J. I. Gillespie, approved by the county court of Creek county, and by J. I. Gillespie assigned to the defendant, is valid without the approval of the Secretary of the Interior.

The trial court having found against the plaintiffs on the question of abandonment, and there being no dispute as to the due execution and approval of the lease under which the defendant claims, the judgment of the trial court is reversed, with directions to enter judgment in favor of the defendant.

By the Court: It is so ordered.